UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-21544-CV-WILLIAMS

GREGORY MAKOZY,

    Plaintiff,

v.

UNITED PARCEL SERVICE,

    Defendant.

    _____/

## ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (DE 17) ("***Motion***").  Plaintiff filed a Response in Opposition (DE 18), to which Defendant replied (DE 19).  Upon review of the record and the Motion, the Court finds that Defendant's arguments have merit, and therefore, Defendant's Motion to Dismiss (DE 17) is **GRANTED**.

Plaintiff's Amended Complaint (DE 13), which brings one claim for age discrimination under the Age Discrimination in Employment Act ("***ADEA***") and one claim for "retaliation," is a shotgun pleading in violation of Federal Rule of Civil Procedure 8 because it fails to give Defendant adequate notice of the claims against it and the facts that support any such claims.  From what the Court can discern, Plaintiff's claims are primarily based on the following allegations: "Plaintiff is 62" (*id.* at 2); "Plaintiff has applied 19 different times to various positions.  He was never granted an interview.  Younger individuals were eventually hired" (*id.* at 3); and "Plaintiff was definitely passed over.  Some of the Hires are John Domiano, under 40, Flether Collins, under 30, etc." (*id.*).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent

standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted).  Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief.  *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).  Under Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint must "give the defendant[s] fair notice of what the claim is and the grounds upon which it rests[.]"  *Twombly*, 550 U.S. at 555 (citation and quotation marks omitted).

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b),[1] or both."  *Barmapov*, 986 F.3d at 1324 (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).  "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland*, 792 F.3d at 1323.  A shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (citation omitted).  Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit."  *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19,

---

[1] Under Rule 10(b), "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."

2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

One type of shotgun complaint suffers from "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322 (footnote call number omitted).  Plaintiff's Amended Complaint satisfies this definition of a shotgun complaint.  For instance, Plaintiff provides no details about the positions to which he applied, when he applied, or whether he was qualified for such positions.  Additionally, devoid from the Amended Complaint is any allegation connecting the purported adverse action to Plaintiff's age.[2]  The only allegation that references any degree of causality is Plaintiff's conclusion that "Defendants subjected Plaintiff to an ongoing pattern or practice of discriminatory failure to hire or promote such persons because of his age . . . ."  (DE 13 at 3.)  To the extent Plaintiff's single reference to "retaliation" (*id.* at 3) can be construed as a claim, it fails to state under which statutory authority, if any, it is brought, and it is followed by vague and immaterial assertions regarding "ridealongs" that are not obviously connected to any particular cause of action (*id.* at 3–4).  The vagueness that pervades Plaintiff's Amended Complaint fails to give Defendant "adequate notice of the claims against them and the grounds upon which each claim rests," *Weiland*, 792 F.3d at 1323, and therefore, Plaintiff's Amended Complaint must be dismissed as an impermissible shotgun pleading.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to

---

[2] The Court agrees with Defendant that, apart from the Amended Complaint's pleading deficiencies under Federal Rule of Civil Procedure 8, the Amended Complaint fails to state an age discrimination claim under the ADEA because it fails to allege that Plaintiff's age is the but-for cause of any adverse action.  *See Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013) ("[T]he language 'because of' in the ADEA statute means that a plaintiff must prove that discrimination was the 'but-for' cause of the adverse employment action." (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009))).

Dismiss (DE 17) is **GRANTED**.  Plaintiff has until **October 23, 2023** to submit an amended complaint correcting the foregoing deficiencies, failing which the case will be dismissed without prejudice.  All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>9th</u> day of October, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE