UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CV-21544-WILLIAMS/REID

GREGORY MAKOZY,

    Plaintiff,

vs.

UNITED PARCEL SERVICE, INC.,

    Defendant.
_____/

### ORDER ON MOTION TO EXTEND DISCOVERY

This matter is before the Court upon Plaintiff Gregory Makozy's Motion to Extend Discovery (the "Motion"). [ECF No. 69]. The Honorable Kathleen M. Williams referred this matter to the undersigned. [ECF No. 6]. After careful consideration of the Motion, Defendant United Parcel Service Inc.'s ("UPS") Opposition [ECF No. 72], Plaintiff's Reply [ECF No. 77], the record, and the relevant legal authorities, the undersigned **ORDERS** that Defendant's Motion [ECF No. 69] is **DENIED**.

Pursuant to Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Furthermore, under the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that limits the time for discovery. *See* Fed. R. Civ. P. 16(b)(3)(A). Scheduling orders may be modified only "for good cause and with the judge's consent." *See id.* at R. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)

(quoting Fed. R. Civ. P. 16 advisory committee's note) (quotations omitted). "A party seeking the extension of an already-expired scheduling order deadline must show both good cause *and* excusable neglect." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 943–44 (11th Cir. 2015) (emphasis in original) (citing Fed. R. Civ. P. 6(b)(1) and 16(b)(4)). "Such a rigorous standard is necessary, as court deadlines are neither 'aspirational nor advisory.'" *Marquardt v. Ocean Reef Cmty. Ass'n*, 19-10110-CIV, 2021 WL 9599449, at *6 (S.D. Fla. Apr. 8, 2021) (quoting *Roberson v. BancorpSouth Bank, Inc.*, No. 12-0669, 2013 WL 4870839, at *1 (S.D. Ala. Sept. 12, 2013).

When determining whether excusable neglect exists, courts should consider "all pertinent circumstances, including the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Harris Corp. v. Ruckus Wireless, Inc.*, No. 6:11-CV-618-ORL-41, 2015 WL 3883948, at *6 (M.D. Fla. June 24, 2015) (citing *Payne*, 606 Fed. App'x at 943–44).

Rule 16's "good cause" standard "precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (quoting *Sosa*, 133 F.3d at 1418); *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good' cause standard is the moving party's diligence in attempting to meet the case management order's requirements . . . . Another relevant consideration is possible prejudice to the party opposing the modification."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

Plaintiff first argues that his Motion is unopposed. [ECF No. 69 at 1]. He attaches an e-mail from Defense Counsel to Plaintiff dated June 4, 2024, where counsel proposes extending the

discovery deadline by 45 days. [*Id.* at 2]. He also cites to "missteps on both sides" but provides no additional context or argument on this issue. [*Id.* at 1]. Finally, Plaintiff states he needs to depose ten additional individuals. [*Id.*].

According to Defendant, Plaintiff's Motion is untimely, filed nearly one month after the discovery cutoff deadline. [ECF No. 72 at 1]. Notably, this case has been pending for more than a year, yet Plaintiff now seeks an extension of time to depose ten witnesses and for further discovery. More importantly, no agreement to extend discovery exists. [ECF No. 72 at 1]. Plaintiff refused to respond to Defendant's June 4, 2024, offer to request an extension of the discovery deadline. [*Id.*]. Having received no response, Defendant set Plaintiff's deposition for June 14, 2024, the day before discovery was set to expire. [*Id.* at 2]. While Defendant agreed to accommodate Plaintiff by deposing him virtually, Plaintiff failed to appear. [*Id.*].

Defendant highlights Plaintiff's alleged bad faith throughout the course of this litigation, including his refusal to respond to Defendant's requests for production of documents and filing of "specious" motions without first conferring with opposing counsel. [*Id.* at 3]. Defendant further argues that it would be harmed by the requested relief because it has expended attorneys' fees and resources on "spurious" discovery motions, and extending the discovery period would unnecessarily require the scheduling order to be delayed on a case that has been pending for over fifteen months. [*Id.* at 4].

In his Reply, Plaintiff responds to Defendant's argument that the Motion is untimely by citing his May 14, 2024, motion to extend the discovery deadline, which was stricken for Plaintiff's failure to comply with the undersigned's discovery procedures. [ECF Nos. 55, 56, 77].

"*Pro se* [filings] are held to a less stringent standard than [filings] drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th

3

Cir. 1998). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). Even under the most expansive reading of Plaintiff's Motion, the Motion fails to address any of the good cause or excusable neglect standards. In fact, no support is provided that go to the rigorous standard necessary for an extension of a court deadline. *See Marquardt*, 2021 WL 9599449, at *6 (quoting *Roberson*, 2013 WL 4870839, at *1). Indeed, the facts point in the opposite direction. On excusable neglect, prejudice to the nonmovant comes in the form of expending attorneys' fees and time on this litigation due to Plaintiff's failure to engage in discovery. *Harris Corp.*, 2015 WL 3883948, at *6 (citing *Payne*, 606 F. App'x at 943–44). Plaintiff provided no reason for his delay, which was entirely under his control in his capacity as *pro se* litigant. [*Id.*]. The "good cause" standard also precludes modification of the scheduling order, as Plaintiff has failed to diligently engage in discovery as is required by the Court and the federal rules. *Oravec*, 527 F.3d at 1232.

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion to Extend Discovery [ECF No. 69] is **DENIED**.

Plaintiff's Motion for Reconsideration [ECF No. 63] of its Motion to Compel [ECF No. 53], Motion for Sanctions [ECF No. 54], and Motion to Extend Discovery [ECF No. 55] is also **DENIED**. At the July 3, 2024, discovery hearing, Plaintiff was granted leave to re-file his Motion to Extend Discovery, which the Court has denied in the instant Order. In any case, Plaintiff's Motion for Reconsideration should be denied as untimely as well as Plaintiff's failure to comply with the local rules and the undersigned's discovery procedures.

**SIGNED** this 30th day of September 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Kathleen M. Williams; and**

**All Counsel of Record**