UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CV-21544-WILLIAMS/REID

GREGORY MAKOZY,

    Plaintiff,

vs.

UNITED PARCEL SERVICE, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON**
**MOTION TO DISMISS AND MOTION FOR SANCTIONS**

This matter is before the Court upon Defendant United Parcel Service Inc.'s ("UPS") Motion to Dismiss and Motion for Sanctions against Plaintiff Gregory Makozy ("Makozy"). [ECF No. 70]. The Honorable Kathleen M. Williams referred this matter to the undersigned. [ECF No. 6]. After careful consideration of the Motion to Dismiss, Plaintiff's Opposition [ECF No. 73], the record, and the relevant legal authorities, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [ECF No. 70] be **GRANTED**.

**BACKGROUND**

Mr. Makozy, a *pro se* litigant, alleges violations of the Age Discrimination in Employment Act ("ADEA") and "retaliation" against Defendant. [ECF No. 25]. On October 9, 2023, Judge Williams granted Defendant's Motion to Dismiss, finding that Plaintiff's Amended Complaint satisfies the definition of a shotgun complaint. [ECF No. 24]. Plaintiff was granted leave to amend his complaint, which he did on October 19, 2024. [ECF No. 25].

Following an exchange of correspondence between the Court and the parties, the undersigned held a hearing on the parties' discovery disputes on July 3, 2024, where a briefing

schedule was set for instant Motion. [ECF No. 68]. Defendant seeks dismissal of Plaintiff's Second Amended Complaint without prejudice for his "willful failure to prosecute" and "comply with the Court's rules and instructions[,]" evidenced through Plaintiff's failure to participate in his deposition and respond to Defendant's discovery requests. [ECF No. 70].

## **LEGAL STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure provides: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "It is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." *In re Amtrak "Sunset Ltd." Train Crash in Bayou Canot, AL on September 22, 1993*, 136 F. Supp. 2d 1251, 1264 (S.D. Ala. 2001) *aff'd sub nom. In re Amtrak*, 29 F. App'x 575 (11th Cir. 2001). The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962); *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). Dismissal of an action with prejudice "is a sanction of last resort, applicable only in extreme circumstances." *State Exchange Bank v. Hartline*, 693 F.2d at 1352 (quoting *EEOC v. First National Bank*, 614 F.2d 1004, 1007 (5th Cir. 1980)), cert. denied, 450 U.S. 917, 101 (1981).

The legal standard to be applied under Rule 41(b) is whether there is a "clear record of delay *or* willful contempt *and* a finding that lesser sanctions would not suffice." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980) (emphasis added). *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (affirming dismissal when plaintiff had continuously interfered with discovery process,

ignored court orders, and failed to appear for a hearing); *Clove v. Dollar General Store*, 2006 WL 3518563, *2 (M.D. Fla. Dec. 6, 2006) (finding that Plaintiff demonstrated "complete lack of interest in participating in the prosecution of her claim," warranting dismissal).

Further, the Federal Rules provide, in pertinent part, that "[i]f a party . . . fails to obey [a discovery] order . . . , the court . . . may issue [an order] . . . dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37 (b)(2)(A)(v). *See In re Trasylol Products Liab. Litig.*, No. 1:08-MD-01928, 2013 WL 12145951, at *2 (S.D. Fla. May 21, 2013) (granting motion to dismiss pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) following plaintiff's failure to cooperate in discovery).

## **ANALYSIS**

Defendant's request for dismissal pursuant to Fed. R. Civ. P. 41(b) and 37(b)(2)(A) is premised on Plaintiff's failure to engage in discovery. [ECF No. 70 at 2]. Specifically, Plaintiff was served with Requests for Production of Documents on November 29, 2023 and Requests for Admission on April 22, 2024. [*Id.*]. To date, Plaintiff has not served responses to either request. [*Id.*]. Plaintiff is also refusing to authorize the release of his employment records from his prior employers and from medical providers. [*Id.*]. Notably, as discussed in the undersigned's Order on Plaintiff's Motion to Extend the Discovery Deadline, Plaintiff did not respond to Defendant's request to confer, provide dates for his deposition, or appear at his virtual deposition set for June 14, 2024. [ECF No. 87]. Defendant also accuses Plaintiff of filing "specious" motions without first conferring with counsel, and engaging in *ex parte* communication with chambers. [*Id.* at 5]. In sum, Defendant believes that Plaintiff's actions have precluded it from defending against Plaintiff's claims in a timely and efficient manner. [*Id.* at 5].

According to Plaintiff, Defendant's allegation that he is not engaging in discovery is a "flat out falsehood." [ECF No. 73 at 1]. He attaches a letter from Defense Counsel regarding his

3

objections to Defendant's discovery requests, dated February 29, 2024; two e-mails from Plaintiff to Defense Counsel regarding deposition dates dated March 12, 2024, and April 8, 2024, respectively; and two e-mails from Defense Counsel to Plaintiff attaching responses to discovery requests and attempting to schedule deposition dates, dated April 22, 2024, and June 4, 2024, respectively. [ECF No. 73-1].

Plaintiff failed to prosecute this matter. First, as discussed in the undersigned's September 30, 2024, Order on Plaintiff's Motion to Modify the Discovery Deadline, Plaintiff failed to appear at his deposition despite Defense Counsel's multiple accommodations, including setting it virtually. [ECF No. 87]. This case has been pending for more than a year, yet Plaintiff now seeks to depose ten witnesses and requests further discovery. [*Id.* at 3]. Curiously, Plaintiff argues he appeared at a deposition on May 27, notwithstanding multiple correspondence stating that he is unwilling (or unable) to appear at his deposition in-person. [ECF No. 73 at 2]. In any case, Plaintiff's claim that he appeared at the May 27 deposition is unsupported by the record.

Plaintiff abuses the judicial process by filing vexatious and factually unsupported motions. These motions have been stricken or denied for failure to comply with the undersigned's discovery procedures and the local rules. *See* ECF No. 39 (order denying Plaintiff's Motion to Compel Discovery for failure to comply with discovery procedures); ECF No. 41 (order denying Plaintiff's Motion for hearing for failure to comply with discovery procedures); ECF No. 53 (order striking Plaintiff's Motion to Compel Discovery and denying Motion for Sanctions and Motion for Extension of Discovery Cutoff for failure to comply with the local rules and the undersigned's discovery procedures); ECF No. 87 (order denying Motion for Reconsideration as untimely and for failure to comply with the local rules). Significant judicial resources have been expended to accommodate Plaintiff's status as a *pro se* litigant. Plaintiff also engaged in *ex parte*

4

communications with the Court, despite multiple reminders by the undersigned's chambers to include opposing counsel in all communications and to meet and confer prior to requesting a hearing. Further, at the March 27, 2024, discovery hearing, the undersigned advised Plaintiff that he must comply with his discovery obligations, but, to date, he has not. In its Opposition, Plaintiff does little to address the allegations regarding his noncompliance with his discovery obligations and instead focuses on trivial issues and asking the Court to sanction Defense Counsel for *its* alleged discovery violations. [ECF No. 73 at 2–3].

The record reflects Plaintiff's willful delay, and a finding of lesser sanctions would not suffice. *Hildebrand*, 622 F.2d at 181. This action has been pending since April 19, 2023, and discovery is still in the early stages. Plaintiff has continuously ignored the Court's orders, causing additional delays in the resolution of discovery disputes. The undersigned acknowledges that dismissal is a severe sanction. But ordering Plaintiff to pay a fine would be futile given Plaintiff's failure to comply with the Court's orders. *See Cummins v. Removals of S. Florida, Inc.*, No. 13-CV-80833, 2014 WL 12589135, at *1 (S.D. Fla. Mar. 18, 2014) (finding that dismissal of *pro se* plaintiff's lawsuit was warranted for its failure to prosecute its case). And Plaintiff's status as a *pro se* litigant does not excuse his conduct. While "[f]ilings by *pro se* litigants, 'however inartfully pleaded,' are to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by attorneys[,]" there are limits. *Jeffus v. Mahl*, No. 22-12040, 2024 WL 832295, at *1 (11th Cir. Feb. 28, 2024) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). [A *pro se* litigant] must, for example, abide by local rules governing the proper form of pleadings." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). "Indeed, while *pro se* [filings] must be liberally construed, [they] still must comply with the procedural rules governing the proper form of pleadings." *Meduty v. Ga. Dep't of Admin. Servs.*, 614 F. App'x 401, 402–03 (11th Cir. 2015)

(citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Courts cannot serve as "*de facto* counsel for a party." *Horace v. MD Now Med. Centers, Inc.*, 23-11337, 2024 WL 1091702, at *2 (11th Cir. Mar. 13, 2024) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014)). According to Defendant, Plaintiff is "highly educated, having attained a bachelor's degree . . . and a master's degree[,]" and having "participated as a litigant in over 62 court proceedings, including an appeal." [ECF No. 70 at 6–7]. Regardless of Plaintiff's education and litigation experience, the undersigned has consistently held Plaintiff's filings to a less stringent standard due to his status as a *pro se* litigant, explaining the Court's discovery procedures and the requirements under the federal rules at hearings and in correspondence with Plaintiff. Dismissal is warranted pursuant to Fed. R. Civ. P. 41(b).

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss [ECF No. 70] be **GRANTED** without prejudice.

Objections to this Report may be filed with the District Judge within **FOURTEEN (14)** days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 30th day of September 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Kathleen M. Williams; and**

**All Counsel of Record**